[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas action, petitioner alleges that he was denied his right to effective assistance of counsel in three crucial ways: by counsel's failure to effectuate a drug-dependency evaluation prior to the commencement of trial; by counsel's failure to adequately advise the petitioner regarding the consequences of his guilty pleas, particularly in terms of the sentence to be imposed; and by counsel's failure to request drug treatment as an alternative, and/or in addition to, incarceration.
On September 19, 1989, petitioner pleaded guilty in the CT Page 9585 Middlesex Judicial District before Judge Arena to two counts of possession with intent to sell narcotics, and three counts of sale of narcotics, all pursuant to the drug-dependency statutes. He was sentenced by the court (Arena, J.) on November 8, 1989 to a total effective sentence of twenty-five (25) years, execution suspended after fifteen (15) years, five (5) years probation.
Petitioner was represented by private counsel, Attorneys William Gerace and Brian O'Connell, both of the law firm of Slitt Gerace. Attorney O'Connell represented petitioner at all pre-trial stages, and Attorney Gerace took over as counsel thereafter.
Petitioner's guilty plea was entered during the midst of trial in which petitioner was charged in all five counts as a non-drug-dependent person. However, during the course of jury selection petitioner was evaluated for drug-dependency; his evaluator found him to have been drug dependent at the times the crimes were committed. Upon presentation of Dr. James O'Brien's drug dependency evaluation by the defense, the state's attorney charged the petitioner as a drug-dependent person and the guilty pleas were entered thereto. Each guilty plea was entered without any recommendation from either the state or the court as to sentence. The petitioner's maximum exposure at the time he pleaded guilty was seventy-five (75) years.
The issue most vigorously litigated by the petitioner alleges that he was denied effective assistance from his trial counsel because they failed to request and have completed a drug dependency evaluation prior to trial. The petitioner asserts that Judge Donald Dorsey, who was the presiding criminal judge in Middlesex County during pre-trial negotiations, had indicated to his attorneys that he would impose an effective ten (10) year sentence if there was sufficient evidence that the petitioner was drug-dependent. The petitioner assumes that had the proof of his drug-dependent status been presented during the pre-trial proceedings, the prosecuting authority would have substituted the charges so that he could plead as a drug-dependent person and that Judge Dorsey would have imposed a total effective sentence of ten (10) years to serve.
The evidence presented at the habeas proceeding concerning that issue was less than unequivocal and far from convincing. The gist of the state's attorney's testimony with regard to Freeman's claims is that he had no recollection of a judicially indicated ten (10) year sentence and that he might have allowed Freeman to plead as CT Page 9586 drug-dependent, but he usually changed the charge in like situations only if the case were submitted for sentencing without any recommendation. In fact, Mr. Redway, the state's attorney for Middlesex, testified that one of the principal reasons he agreed to allow Freeman to plead to non-minimum mandatory offenses was that there was no agreed recommendation. Judge Dorsey testified that he recalled some discussion about a total effective ten (10) year sentence if Freeman pleaded guilty as a non-drug-dependent individual.
Brian O'Connell, who was the petitioner's chief advocate during pre-trial proceedings, testified that he had indicated to the state's attorney that his client was drug-dependent but that the state's attorney told him that even with evidence of same, he would not reduce the charges. He testified that the state offered to recommend a sentence of twenty (20) years during pre-trial negotiations. Even though the petitioner's trial counsel wrote a letter in a post-trial grievance proceeding in which letter there was some indication that Judge Dorsey indicated a total effective sentence of ten (10) years, O'Connell had no recollection of same. O'Connell also testified that the only reason the drug dependency evaluation was performed at all was for trial purposes inasmuch as the petitioner declined to plead out whether as drug-dependent or non-drug-dependent, prior to trial.
Attorney William Gerace, O'Connell's partner, became actively involved in Freeman's case when trial commenced. He testified that he was aware of an offer of ten (10) years total effective sentence on pleas of guilty to charges carrying minimum mandatory sentences. Gerace stated that Freeman rejected the offer because his client's primary concern was eligibility for early supervised home release.
After the state's attorney indicated that he would substitute charges carrying no minimum mandatory sentence, Gerace told the petitioner that the defense had achieved all it possibly could and that the petitioner should plead guilty. Gerace admitted that he never informed Freeman of the maximum exposure and that he told his client that in his opinion, the sentencing judge would probably impose a sentence of less than ten (10) years.
The petitioner pleaded guilty to the charges on September 19, 1989. His pleas were fully canvassed. One of the court's questions was, "Have any promises been made to you to plead guilty when otherwise you would not have done so?" The petitioner responded, "No." Another question put to Freeman was, "Now, this is not being presented to this CT Page 9587 court based on an agreed recommendation, am I correct?" Both counsel responded affirmatively and Freeman said nothing.
The colloquy went on from there, as follows:
 THE COURT: And at the time of sentencing, Mr. Freeman, Mr. Redway the State's Attorney will be free to argue for whatever sentence he thinks is appropriate. Do you understand this?
RICKY FREEMAN: Yes, sir.
 THE COURT: Is this being taken to The Court based on a Court indicated sentence?
ATTORNEY GERACE: No, Your Honor.
THE COURT: Do you understand that further?
RICKY FREEMAN: Yes.
 ATTORNEY GERACE: I've explained to Mr. Freeman this is a wide open sentencing. I will be suggesting a sentence and I'm sure Mr. Redway will suggesting a different one. And Mr. Freeman knows that it is up to Your Honor to impose whatever sentence it deems appropriate.
THE COURT: You understand that?
RICKY FREEMAN: Yes.
 THE COURT: No promises have been made to you by either Mr. Redway and no promises have been made to you by The Court?
RICKY FREEMAN: Yes, I understand.
After the facts alleged by the State were recited and after the petitioner stated that he had no substantial disagreement with the state's version, Judge Arena asked, "Do you know that for each single one of these offenses you could receive 15 years in prison and a fine of $50,000 or both?
Freeman responded, "Yes, Your Honor."
The Court continued, "Do you realize that if I chose to run these sentences consecutively, you could get up to seventy-five (75) years in prison and fines totalling $250,000?" CT Page 9588
Freeman answered, "Yes, Your Honor."
The Court: "You fully understand that?"
Freeman: "Fully, Your Honor."
The petitioner has failed to meet his burden of proof. He was not denied the effective assistance of counsel at any stage of the proceedings. His petition for a writ of habeas corpus is dismissed.
Hon. Howard Scheinblum Superior Court Judge CT Page 9589
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9590
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9591
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9592
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9593
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9594